IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 3:23-CV-0597-K-BT |
| JUDY WISOCKI, as Representative of the Estate of Howard Le Jeune, and SCARLETT ROBBINS, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court in this interpleader action are two motions: (1) State Farm Life Insurance Company's Renewed Motion for Dismissal with Prejudice (Doc. No. 79), and (2) Defendant Scarlett Robbins' Motion for Summary Judgment as to Plaintiff State Farm's Interpleader Claim (Doc. No. 80). For the following reasons, the Court **GRANTS** State Farm's Motion for Dismissal and **dismisses** State Farm from this lawsuit. Because State Farm is no longer a party to this lawsuit, the Court **DENIES** Robbins' Motion for Summary Judgment as to State Farm.

I.     Background

On March 17, 2023, Plaintiff State Farm Life Insurance Company ("State Farm") filed its original complaint for interpleader against Defendants Judy Wisocki and Scarlett Robbins. *See generally* Compl. (Doc. No. 1). According to the Complaint for Interpleader, State Farm seeks adjudication and distribution by the Court of the

1

proceeds of two life insurance policies (the "Policies") issued by State Farm to Howard Le Jeune on the basis that there are multiple asserted and conflicting claims that "create[] a reasonable doubt as to the proper payment of some or all of the Policy proceeds[.]" Doc. No. 1 at 4, ¶ 3.9. Specifically, State Farm asserts that Wisocki and Robbins have "competing adverse claims" due to unresolved state court litigation over the insurance proceeds. *Id.* at 3–4, ¶¶ 3.2–3.4 (detailing ongoing litigation between Le Jeune and Robbins in state court), 3.5–3.8 (detailing multiple claims made on the insurance policies).

On March 7, 2025, State Farm filed a Renewed Motion for Dismissal with Prejudice seeking "an order dismissing it from this action with prejudice and releasing and discharging it from any and all liability relating to the Policy Proceeds" because it is a disinterested stakeholder. Doc. No. 79 at 4. That same day, Robbins moved for summary judgment as to State Farm, arguing that the Court lacks subject matter jurisdiction over State Farm's interpleader action as State Farm failed to produce evidence "it was faced with multiple claims[.]" Doc. No. 89 at 5, ¶¶ 21–23. State Farm timely responded to Robbins' Motion (Doc. No. 91), and Robbins timely replied (Doc. No. 99). Robbins filed a response to State Farm's Motion for Dismissal (Doc. No. 93), which largely incorporates the arguments presented in her Motion for Summary Judgment and State Farm timely replied (Doc. No. 98). The Motions are now ripe for adjudication.

## II. Legal Standards

### A. Interpleader

Rule 22 of the Federal Rules of Civil Procedure allows a plaintiff who holds property to join persons with claims to that property as defendants into an interpleader action when those claims "may expose a plaintiff to double or multiple liability." FED. R. CIV. P. 22(a). "The central prerequisite for a 'true' interpleader action . . . is that the plaintiff-stakeholder runs the risk—but for determination in interpleader—of multiple liability when several claimants assert rights to a single stake." *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999). "Interpleader should be employed for 'the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing.'" *Id.* (quoting *Texas v. Florida*, 306 U.S. 398, 412 (1939)). Therefore, a proper interpleader action must have multiple claimants. *Id.* at 242.

An interpleader action is a two-step proceeding. *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999); *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 415 (N.D. Tex. 2005) (Lynn, J.). At the first step, the court decides "whether a proper case for interpleader is presented." *Fresh Am. Corp.*, 393 F. Supp. 2d at 415. In other words, "the Court must determine that there is a single fund with adverse claimants to that fund." *Id.* (citing *Rhoades*, 196 F.3d at 600). The burden is on the party seeking interpleader to demonstrate that the requirements are satisfied. *Id.* at 414 (citing *Interfirst Bank Dall., N.A. v. Purolator Courier Corp.*, 608 F. Supp. 351, 353 (N.D. Tex.

3

1985)). If the court finds that the interpleader action has been properly brought, and the interpleader-plaintiff is disinterested, the court may issue an order discharging the interpleader-plaintiff and proceed to the second stage to "determine the rights of the claimants." *Id.* at 415 (citing *Rhoades*, 196 F.3d at 600); *see also Metro. Life Ins. Co. v. Woffard*, 2006 WL 8437279, at *3 (N.D. Tex. Mar. 27, 2006) (Kinkeade, J.) ("In a true interpleader action, the stakeholder is dismissed from the suit after the court determines that interpleader is appropriate, and only the parties asserting an interest in the fund remain."). "When there is no genuine issue of material fact[,] the second stage may be adjudicated at summary judgment, and if there is a trial[,] each claimant must prove their right to the fund by a preponderance of the evidence." *Rhoades*, 196 F.3d at 600 (citation omitted).

### B. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d

4

272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991) and FED. R. CIV. P. 56(e)). The party opposing the summary judgment motion must identify "specific evidence in the record" and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

### III. Analysis

#### A. Interpleader

Robbins argues that she is entitled to summary judgment as to State Farm's interpleader claim because this Court lacks subject matter jurisdiction as State Farm failed to produce evidence "it was faced with multiple claims[.]" Doc. No. 89 at 5, ¶¶ 21, 23. Robbins also argues that State Farm is not a "disinterested stakeholder" because it expressly reserves the right to seek attorney's fees. *Id.* at 11, ¶ 38.

The Court has expressly held on two separate occasions that State Farm met the requirements for an interpleader action. *See* Doc. No. 36 at 2 ("The Court finds that Plaintiff has sufficiently demonstrated in its Complaint the requirements for an

interpleader action."); Doc. No. 76 at 12 ("[I]t is clear from the pleadings and the Court's judicial notice of the state court lawsuits regarding the Policies that this case presents the exact type of situation that interpleader was designed for[.]"); Doc. No. 87. But it appears that Robbins attempts to use her Motion for Summary Judgment to argue that the Court erred in finding interpleader proper. Despite Robbins' persistence, the Court again finds that State Farm's interpleader claim is proper.

### 1. State Farm Legitimately Feared Multiple Adverse Claims

"Insurance companies frequently bring interpleader actions where multiple actual or potential conflicting claims for benefits payable under a policy exist." *State Farm Life Ins. Co. v. Beard*, 2022 WL 17726680, at *2 (E.D. Tex. Sept. 20, 2022) (collecting cases). In an interpleader action, the interpleader-plaintiff need only demonstrate that it "legitimately fears double or multiple claims directed against a single fund." *State Farm Life Ins. Co. v. Bryant*, 2019 WL 7938266, at *9 (N.D. Tex. May 16, 2019) (Lindsay, J.). The interpleader-plaintiff may meet this burden by demonstrating that it may face liability from both actual and *potential* claims. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983). The court need not consider whether the competing claims are meritorious. *Bryant,* 2019 WL 7938266, at *9 (quoting *Auto Parts Mfg. Miss. v. King Const. of Hous.*, *L.L.C.*, 782 F.3d 186, 194 (5th Cir. 2015)).

State Farm has met its burden by demonstrating that the insurance proceed funds were subject to multiple adverse claims. Robbins purports that State Farm has

6

not met its burden of establishing "multiple claims needed for [i]nterpleader jurisdiction" because State Farm did not receive two "claims" on the Policies. Doc. No. 89 at 5, ¶ 21. Rather, Robbins alleges that State Farm only received a letter from Wisocki's counsel, who also served as the then-designated representative of Le Jeune's estate, "advising State Farm [that] the Policies were disputed and request[ed] State Farm not to pay claims" until the state lawsuits were resolved. Doc. No. 1 at 4, ¶ 3.6; Doc. No. 89 at 8–9, ¶¶ 29–31.

The record is clear that the Policies have been in dispute since 2016, and State Farm received multiple letters informing it of the ongoing state court litigation regarding the Policies. Robbins' attempt to undermine State Farm's interpleader action by differentiating between a formal and informal claim is unsupported by law. *See Reese v. Sun Life Assurance Co. of Can.*, 483 F. Supp. 3d 407, 410 (W.D. Tex. 2020) (finding that insurance company "indisputably faced" competing claims and threat of multiple claims when there was pending state court litigation regarding a life insurance policy and the insurance company received a letter claiming entitlement to insurance proceeds); *Underwriters Grp., Inc. v. Clear Creek Ind. Sch. Dist.*, 2006 WL 1852254, at *4 (S.D. Tex. June 30, 2006) (concluding that insurance company faced competing demands for funds as evidenced by numerous letters). Therefore, State Farm has met its evidentiary burden of demonstrating that the Policies were subject to multiple adverse claims.

Robbins next argues that State Farm did not legitimately fear multiple claims because (1) a resolution of the state court proceedings concerning the same insurance policies "would have collateral estoppel and *res judicata* effect, but for this [i]nterpleader action," and (2) Wisocki's claims "were barred by limitations when [State Farm] decided to file this [i]nterpleader action." Doc. No. 89 at 10–12, ¶¶ 35, 36, 41.

In response, State Farm correctly notes that when an interpleader action is filed, "the merits of these potential claims are irrelevant; the threat of multiple vexation by future litigation provides sufficient basis for interpleader under [FED. R. CIV. P. 22]." *Corrigan Dispatch Co.*, 696 F.2d at 364; *see also Auto Parts Mfg. Miss.*, 782 F.3d at 192 ("[E]ven the mere 'threat of multiple vexation by future litigation provides sufficient basis for interpleader.'") (quoting *Tittle v. Enron Corp.*, 463 F.3d 410, 424 n.10 (5th Cir. 2006)). Accordingly, Robbins' arguments raising collateral estoppel, *res judicata*, and statute of limitations concerns are inconsequential to the Court's analysis of State Farm's interpleader action. Robbins and Wisocki have competing claims for the insurance policy proceeds, which may expose State Farm to multiple liabilities. State Farm, thus, properly brought this interpleader action.

### 2. State Farm Is a Disinterested Stakeholder

Finally, Robbins argues that State Farm does not meet the requirements for an interpleader action because it is not a "disinterested stakeholder." Doc. No. 89 at 11, ¶ 38. In support of this argument, Robbins contends that any request by State Farm for attorney's fees should be denied because "this lawsuit was filed nearly two years

ago, the legal fees incurred by all of the parties will be in the tens of thousands of dollars and there is no resolution [to this matter] in sight." *Id.* Consequently, according to Robbins, "State Farm should not receive any award for its action filing this Interpleader action[.]" *Id.*

The Court "has discretion to award costs, including reasonable attorney's fees, to a disinterested stakeholder in an interpleader action whenever it is fair and equitable to do so." *Wells Fargo Bank, N.A. v. Lane Grp., LLC*, 2019 WL 1099992, at *2 (N.D. Tex. Feb. 13, 2019) (Horan, J.) (citing *Rhoades*, 196 F.3d at 603; *Fresh Am. Corp.*, 393 F. Supp. 2d at 417; and *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 206–07 (E.D. Tex. 1999)), *adopted by* 2019 WL 1099547 (N.D. Tex. Mar. 8, 2019) (Scholer, J.)). It is not automatic that the successful interpleader plaintiff should be awarded attorney's fees, and any fees awarded should be "modest." *Fresh Am. Corp.*, 393 F. Supp. 2d at 417 (citations omitted). To determine whether to award fees and costs to an interpleader-plaintiff, the Court should consider "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (per curiam) (citation omitted).

As an initial matter, despite Robbins' characterization of State Farm's motion, State Farm explicitly states that it "is not seeking [a]ttorney's fees and costs in this

9

motion but reserves its right to assert a request in the future if litigation continues." Doc. No. 79 at 5. State Farm asserts it "makes no claim to, and has no interest in, the disputed funds and deposited them into the registry of the Court." *Id.*; *see also* Doc. No. 37 (order granting State Farm's request to deposit the interpleaded funds into the registry of the Court and authorizing the Clerk to accept the interpleaded funds). State Farm further states that it "is indifferent as to how the Policy Proceeds . . . are distributed among [Robbins and Wisocki]." Doc. No. 79 at 4. To the extent Robbins argues that State Farm's participation in this prolonged litigation negates State Farm's status as a disinterested party, "[m]erely asserting counterclaims against the insurer" does not change the fact that the "insurer is considered a blameless or innocent stakeholder for purposes of having the interpleader device available to it." *United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455, 470 (W.D. Tex. 2020).

Thus, the Court finds that State Farm is a disinterested stakeholder that is entitled to dismissal from this interpleader action. As State Farm has satisfied the requirements for interpleader, the Court should grant State Farm's request for dismissal from this action. *See Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (per curiam) ("Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds.").

### B. Permanent Injunction

State Farm requests that the Court:

> [R]eleas[e] and discharge[e] State Farm from any and all liability which has been or may be asserted against it by any party to this action with respect to the deposited funds or the disputed claims, including but not limited to claims for declaratory judgment, breach of contract, breach of the duty of good faith and fair dealing, negligence, Texas Insurance Code violations, DTPA violations, declaratory judgment, quantum meruit, and constructive trust[.]

Doc. No. 79 at 5. The Court construes State Farm's request as a request for a permanent injunction.

A district court is authorized to issue a permanent injunction in an interpleader action when it discharges a plaintiff from further liability. 28 U.S.C. § 2361; *Auto Parts Mfg. Miss.*, 782 F.3d at 191–92. "Specifically, 28 U.S.C. § 2361 authorizes the Court to restrain all claimants 'from instituting or prosecuting any proceeding . . . affecting the property . . . involved in the interpleader action until further order of the court.'" *Gray Cas. & Sur. Co. v. Gold Standard Moving & Storage LLC*, 652 F. Supp. 3d 734, 737 (N.D. Tex. 2023)(Starr, J.) (quoting 28 U.S.C. § 2361). The Fifth Circuit has held that "[a] permanent injunction is necessary to give meaning to the plaintiff's discharge and to encourage interpleader actions." *Auto Parts Mfg. Miss.*, 782 F.3d at 192 (citing *In re Bohart*, 743 F.2d 313, 325 (5th Cir. 1984)).

Accordingly, the Court finds that State Farm is entitled to a permanent injunction. The Court **orders** the following injunctive relief:

1. State Farm is discharged from liability to Robbins and Wisocki, and to all other claimants, in any way related to State Farm Policy No. LF-119708322 and Policy No. LF-1272-6541 issued to Howard Le Jeune or to the handling or processing of claims made under these Policies.

2. Defendants, and any other claimants, may not institute against State Farm any proceeding in any State or United States Court or administrative tribunal in any way related to the Policies.

3. State Farm is dismissed with prejudice from all further appearances or actions in this case and from all liability for costs in this matter.

### IV. Conclusion

As State Farm has properly tendered the funds from the Policies to the Court, and there are no pending claims against State Farm, there is no reason to keep State Farm in a dispute solely between Robbins and Wisocki. Accordingly, the Court **GRANTS** State Farm's request to be dismissed from the suit and from further liability for any claims that pertain directly to the Policies. The Court **DENIES** Robbins' Motion for Summary Judge as to State Farm.

**SO ORDERED.**

Signed December 18th, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICTJUDGE