IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STATE FARM LIFE INSURANCE §
COMPANY, §
§
    Plaintiff, §
§
v. §    Case No. 3:23-cv-00597-K-BT
§
JUDY WISOCKI, as Representative §
of the Estate of Howard Le Jeune, §
and SCARLETT ROBBINS, §
§
    Defendants. §

### MEMORANDUM OPINION AND ORDER

Before the Court is Cross-Defendant/Cross-Claimant Scarlett Robbins's Motion for Summary Judgment (Doc. No. 83) and Amended Brief in Support (Doc. No. 90) (together, the "Motion"). Cross-Defendant/Cross-Claimant Judy Wisocki filed a response in Opposition to Robbins's Motion for Summary Judgment (Doc. No. 122) and Brief in Support (Doc. No. 123) (together, the "Response"), and Robbins filed a Reply in further support (Doc. No. 125) (the "Reply"). The Court has carefully considered the Motion, the Response, the Reply, the summary judgment evidence, the relevant portions of the record, and the applicable law. Because Wisocki's claims are barred by the applicable statute of limitations, Robbins is entitled to summary judgment as a matter of law, and the Court hereby **GRANTS** Robbins's Motion.

1

## I.    Background

State Farm commenced this action on March 17, 2023, alleging that—after the death of its insured Howard Le Jeune—it held death benefits based on two life insurance policies: Policy No. LF-1197-8322, which has a total payable benefit of $408,032.85; and Policy No. LF-1272-6541, which has a total payable benefit of $402,920.84 (collectively, "the Policies"). Compl. at 2–3, ¶¶ 3.1, 3.5 (Doc. No. 1).

Since State Farm issued the Policies in the early 1990s, the Policies' "ownership and beneficiary designations have changed several times"—most recently in 2009 when Le Jeune transferred ownership of both Policies to Scarlett Robbins, who then designated herself as the primary beneficiary for both Policies. *Id.* at 2, ¶ 3.1. There has been an ongoing legal dispute over the Policies since 2016, when Le Jeune sued Robbins in the 13th District Court of Navarro County, Texas (Case No. D16-24649-CV) and sought a temporary restraining order to prevent Robbins from exercising control over the Policies. *Id.* at 3, ¶ 3.2.

Among other things, Le Jeune's 2016 state court Petition alleges that Robbins defrauded him over several years by seducing him as a romantic partner and masquerading as a professional caregiver for his adult daughter who suffers from severe mental deficiencies. *See generally* Le Jeune Orig. Pet. (Doc. No. 47-1). Le Jeune alleges that "as a result of [Robbins's] fraud, manipulation, and undue influence," he made countless lavish gifts to her, built a house and a barn for her on her property, transferred hundreds of thousands of dollars to her from his bank accounts, gave her power of

attorney over his financial accounts, and assigned the Policies to her. *Id.* at 3–5. Le Jeune and Robbins mediated the 2016 action and entered in a Settlement Agreement. Wisocki Crossclaims at 7, ¶ 22 (Doc. No. 47). Unfortunately, the Settlement Agreement only led to more litigation. The parties disagreed on the scope of the Settlement Agreement's release of claims, and despite this alleged disagreement, Robbins moved for summary judgment on the Settlement Agreement, which resulted in an appeal to the Texas Court of Appeals. *Id.* at 8, ¶¶ 24–25. Also during the pendency of the 2016 lawsuit, Robbins brought a separate state court lawsuit against Le Jeune in October 2021 related to the 2016 lawsuit (13th District Court of Navarro County, Case No. D21-30086-CV). *Id.* ¶ 26; Compl. at 3, ¶ 3.4 (Doc. No. 1)

After Le Jeune died on November 2, 2022, State Farm received a letter from an attorney on behalf of the purported representative of Le Jeune's estate advising State Farm that the Policies were disputed and requesting State Farm not to pay any claims until the two state court lawsuits were resolved. Compl. at 4, ¶ 3.6 (Doc. No. 1). Thereafter, Robbins submitted a formal claim to both Policies' proceeds, and State Farm received another letter from the purported representative of Le Jeune's estate, again requesting that State Farm not pay any claims until the state court lawsuits were resolved. *Id.* ¶ 3.7. State Farm subsequently filed this interpleader action and deposited the Policies' proceeds into this Court's registry. *See* Mot. Interpleader Deposit (Doc. No. 25); Order Granting Interpleader (Doc. No. 37); Mot. Dismiss at 2 (Doc. No. 52); Renewed Mot. Dismiss at 5 (Doc. No. 79). The Court dismissed State Farm from this

3

lawsuit and relieved it "from further liability for any claims that pertain directly to the Policies." Mem. Op. and Order at 12 (Doc. No. 116).

Robbins filed her First Amended Answer, which alleges crossclaims for tortious interference against Judy Wisocki as the purported representative of Le Jeune's estate. *See* Robbins First Am. Answer, Counter-Claims, and Cross-Claims at 12–13, ¶¶ 83–90 (Doc. No. 49). Wisocki also asserted crossclaims against Robbins for breach of Le Jeune and Robbins's Settlement Agreement, breach of contract, breach of fiduciary duty, fraud, undue influence, theft, and promissory estoppel. *See* Wisocki Crossclaims at 9–12, ¶¶ 31–50 (Doc. No. 47). Robbins now moves for summary judgment on Wisocki's crossclaims, *see* Doc. No. 83.

## II.    Applicable Law

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law,' while a dispute about that fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the nonmovant will have the burden of proof on the claim at trial, the moving party must identify those portions of the record it believes demonstrate the absence of

evidence on an essential element of that claim. *Celotex*, 477 U.S. at 323. This burden is satisfied when the movant shows that the nonmovant "has completely failed to prove 'an essential element of [the nonmoving party's] case'" *Owens*, 33 F.4th at 824 (quoting *Celotex*, 477 U.S. at 323). The court views all evidence and reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Once the movant satisfies its burden, the nonmovant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence). "There can be no genuine dispute as to a material fact where [the nonmovant] fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which [it] will bear the burden of proof at trial.'" *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Celotex*, 477 U.S. at 322). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (cleaned up); *see also Guillot*, 59 F.4th at 750 ("Speculative theories cannot defeat a motion for summary judgment.").

The court is not tasked with "sift[ing] through the record in search of evidence" supporting the nonmovant's opposition to summary judgment. *Ragas*, 136 F.3d at 458

(citation omitted); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Indeed, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## III.    Analysis

Robbins moves for summary judgment on all of Wisocki's crossclaims, including breach of the Settlement Agreement, breach of contract, breach of fiduciary duty, fraud, undue influence, theft, and promissory estoppel. Robbins contends that the Court lacks subject matter jurisdiction over the parties' crossclaims, and even if the Court had subject matter jurisdiction, Wisocki's crossclaims are barred by the applicable statute of limitations under Texas law. Robbins Am. Br. at 5, ¶¶ 21–22 (Doc. No. 90). Although the Court is unpersuaded by Robbins's subject matter jurisdiction argument, the Court finds that Wisocki's crossclaims are time-barred.

### A. Subject Matter Jurisdiction

Robbins argues that she is entitled to summary judgment because the Court "lacks subject matter jurisdiction over . . . Wisocki's [crossclaims]." Robbins Am. Br. at 5–6, ¶ 24 (Doc. No. 90). Robbins claims that this Court should not exercise supplemental jurisdiction over her and Wisocki's competing state law crossclaims because it does not have jurisdiction over State Farm's interpleader action. *Id.*

The Court has rejected Robbins's subject matter jurisdiction argument on three previous occasions. *See* Mem. Op. and Order at 5–6 (Doc. No. 116); Order at 2 (Doc. No. 36); Findings, Conclusions, and Recommendation at 12–13 (Doc. No. 76); Order Accepting (Doc. No. 87). And Robbins admitted in her Response to Wisocki's Motion to Stay that "this Court exercised supplemental jurisdiction over the state law claims more than 3 years ago." Robbins Resp. Br. at 1, ¶ 2 (Doc. No. 132). Again, Robbins uses this Motion as an attempt to argue that the Court erred in finding interpleader proper. The Court has subject matter jurisdiction over this interpleader action and supplemental jurisdiction over the state law crossclaims, even though the Court dismissed State Farm. *See Clifton v. Anthony*, 401 F. Supp. 2d 686, 688 (E.D. Tex. 2005) ("The court retains jurisdiction, even though the . . . insurer . . . was dismissed, because diversity existed at the time the case was filed."). Therefore, the Court rejects Robbins's subject matter jurisdiction argument.

### B. Statute of Limitations

Robbins moves for summary judgment on each of Wisocki's crossclaims on the same basis, statute of limitations. An affirmative defense, such as a statute of limitations defense, must be affirmatively pled in response to a pleading. FED. R. CIV. P. 8(c)(1); *see also* TEX. R. CIV. P. 94 (providing that the statute of limitations is an affirmative defense); *Flores v. Allstate Tex. Lloyds*, 2019 WL 3565103, at *1 (S.D. Tex. Aug. 6, 2019) ("In a diversity action, substantive state law determines what constitutes an affirmative defense."); *Gladden v. Coca-Cola Co.*, 2022 WL 2209945, at *3 (N.D.

Tex. June 17, 2022) (Boyle, J.) ("If a party fails to plead an affirmative defense, it is forfeited and may be waived."). It does not appear that Robbins filed a timely answer or responsive pleading to Wisocki's crossclaims. *See* FED. R. CIV. P. 12(a)(1)(B) ("A party must serve an answer to a . . . crossclaim within 21 days of being served with the pleading that states the . . . crossclaim."). However, Wisocki did not request a default judgment for Robbins's failure, and the Court finds that a default judgment would not be appropriate because Wisocki's crossclaims are intimately intertwined with State Farm's interpleader action, which Robbins did timely respond to; Robbins filed an untimely responsive pleading, specifically this Motion; and Robbins has actively participated in this litigation. *See Jordan v. Sony BMG Music*, 2009 WL 185629, at *1 (S.D. Tex. Jan. 23, 2009). Further, the Court finds that Robbins has not waived the statute of limitations defense by failing to file an answer to Wisocki's crossclaims because Wisocki has had sufficient notice to prepare and rebut the defense. *See Gladden*, 2022 WL 2209945, at *3 (finding that party did not waive statute of limitations defense because the opposing party "had sufficient notice and a chance to argue the defense"). Indeed, Wisocki likely anticipated this defense as Robbins asserted the same defense in state court. *See* Joint Report at 5, ¶ 10 (Doc. No. 126).

Although given the opportunity to respond to Robbins's Motion, Wisocki did not provide any substantive response to Robbins's statute of limitations arguments and has presented no evidence raising a material fact issue. Wisocki's failure to substantively respond to Robbins's statute of limitations defense is enough reason to

8

grant Robbins's Motion. *See Scales v. Slater,* 181 F.3d 703, 708, n.5 (5th Cir. 1999) (finding plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Catlett v. Duncanville Indep. Sch. Dist.,* 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (finding a claim abandoned when plaintiff failed to defend it in response to a motion for summary judgment).

However, Wisocki's failure to substantively respond to Robbins's statute of limitations arguments or refute any of Robbins's factual allegations does not permit the Court to enter a "default" summary judgment. *Eversley v. Mbank Dall.,* 843 F.2d 172, 174 (5th Cir. 1988). The parties seemingly agree that Texas law governs this dispute, and therefore, the Court will apply the applicable Texas statute of limitations. *See Middaugh v. InterBank*, 528 F. Supp. 3d 509, 538 (N.D. Tex. 2021) ("In diversity cases such as this, federal courts are to apply the Texas statute of limitations, along with any accompanying rules regarding tolling."); *Clifton*, 401 F. Supp. 2d at 688 ("[T]he Court must apply the substantive law of the forum state, Texas[.]"). To succeed on a statute of limitations defense, Robbins "must (1) conclusively prove when [Wisocki's] cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised." *Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 166 (5th Cir. 2024) (internal footnotes omitted).

### 1.  Breach of Settlement Agreement and Breach of Contract

Robbins contends that Wisocki's claim for "breach of a settlement agreement in 2016 was barred by limitations when LeJeune first raised this claim as a counter-claim

in the *Robbins* lawsuit in 2021." Robbins Am. Br. at 5, ¶ 22 (Doc. No. 90). Wisocki does not meaningfully respond to Robbins's assertion, but instead mistakenly states that "[n]owhere in [Robbins's] motion or brief does Robbins contend that Wisocki's cross-claim for breach of the [Settlement] Agreement should be dismissed on any ground." Wisocki Resp. Br. at 7 (Doc. No. 123). Further, Wisocki does not respond to Robbins's argument that her crossclaim for breach of contract is barred by the applicable statute of limitations.

The Court finds that Wisocki's claims for breach of the Settlement Agreement, and alternative claim for breach of contract, are barred by the applicable statute of limitations. "Under Texas law, a breach-of-contract claim is subject to a four-year statute of limitations." *Sheet Pile, L.L.C.*, 98 F.4th at 166. A claim for breach of contract "accrues at the moment the contract is breached." *Id.*

Wisocki states that LeJeune and Robbins entered into the Settlement Agreement on March 28, 2016. Wisocki Crossclaims at 7, ¶ 22 (Doc. No. 47). Wisocki alleges that the Settlement Agreement reached by the parties "provided for Le Jeune and [Robbins] to release each other from all claims." *Id.* However, this understanding was never finalized because Robbins purportedly "insisted" on a broader release provision, including a release of claims held by Le Jeune's disabled daughter. *Id.* ¶ 23. Wisocki contends that this disagreement constitutes a breach of the Settlement Agreement, and Robbins further breached the Settlement Agreement when she filed a motion for summary judgment based on the disputed Settlement Agreement. *Id.* at 8–9, ¶¶ 24, 33.

10

Wisocki's crossclaim against Robbins for breach of the Settlement Agreement is barred by Texas's four-year statute of limitations. Counsel for Robbins and Le Jeune exchanged drafts of the Settlement Agreement on April 8, 2016, which revealed that Robbins attempted to include release language not agreed upon by the parties, *see* Robbins App. at 30 (Doc. No. 81), and Robbins filed a motion for judgment on the Settlement Agreement on July 5, 2016. *Id.* at 26. Wisocki contends that both 2016 events constitute breaches of the Settlement Agreement, but she did not bring this claim in federal court until May 2, 2024, nearly eight years after the purported breaches of the Settlement Agreement occurred. Therefore, Wisocki's crossclaim for breach of the Settlement Agreement is time-barred.

Regarding her breach of contract crossclaim, Wisocki alleges: "Le Jeune and [Robbins] entered into a valid, enforceable contract wherein Le Jeune agreed to pay [Robbins] $1,000 a month to have a place to stay and receive medical care. [Robbins] breached the contract by evicting Le Jeune from his residence." Wisocki Crossclaims at 9, ¶ 37 (Doc. No. 47). Le Jeune alleged that Robbins's husband notified Le Jeune of his eviction on December 30, 2015, "immediately" after Robbins learned of certain restrictions on one of Le Jeune's financial accounts. Robbins App. at 9 (Doc. No. 81); *see also* Wisocki Crossclaims at 6, ¶ 19 (Doc. No. 47). Le Jeune went to the property to collect his belongings on January 2, 2016, but he was unable to gather certain possessions due to alleged hostility between the parties. Robbins App. at 9 (Doc. No. 81).

11

Wisocki's cause of action for breach of contract accrued in 2016 when Le Jeune was evicted from his home on Robbins's property and denied the opportunity to collect his personal belongings. Therefore, Wisocki's claim for breach of contract is time-barred because she filed her crossclaim eight years after accrual. Accordingly, Wisocki's breach of the Settlement Agreement and breach of contract crossclaims are barred by Texas's four-year statute of limitations and must be dismissed.

### 2. Breach of Fiduciary Duty

Wisocki also asserts a claim for breach of fiduciary duty based on Robbins's power of attorney and "the nature of [Robbins] and Le Jeune's relationship, the influence [Robbins] exerted over Le Jeune, and the actual and justifiable special confidence Le Jeune placed in [Robbins]." Wisocki Crossclaims at 3, 10, ¶¶ 10, 39 (Doc. No. 47). Although Wisocki does not specify what actions she contends breached Robbins's fiduciary duty, it appears that Wisocki alleges Robbins improperly used her position as Le Jeune's power of attorney and caretaker to declare herself executor and sole beneficiary of the Le Jeune estate, guardian and medical power of attorney for Le Jeune and his daughter in the event of incapacity, and beneficiary of the Policies. *Id.* at 3–5, ¶¶ 10–11, 14. Wisocki also alleges that Robbins took advantage of her relationship with Le Jeune, and as a result, Le Jeune made countless financial gifts and transfers to Robbins. *Id.* at 4–5, ¶¶ 13–15.

"Claims for breach of fiduciary duty must be commenced within four years after the day the action accrues." *Van Pelt v. Guild Mortg. Co.*, 2021 WL 4865286, at *5

(N.D. Tex. Sept. 3, 2021) (Hendrix, J.) (citing TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5)). "When there has been a breach of fiduciary duty, the statute of limitations does not begin to run until the claimant knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act." *Legacy RG, Inc. v. Harter*, 705 F. App'x 223, 226 (5th Cir. 2017) (per curiam) (cleaned up).

Here, Le Jeune realized that Robbins took advantage of him in 2015 or 2016 when another elderly gentleman moved onto Robbins's property. *See* Robbins App. at 8, 23 (Doc. No. 81) (stating in the 2016 state court petition that "[w]ithin the last year . . . [this individual] was lured onto the property adjacent to [Le Jeune's] property" and then Le Jeune realized that Robbins "had been taking advantage of him all along"). On December 30, 2015, Le Jeune became aware that Robbins used her "power of attorney to transfer approximately $75,000 from [Le Jeune's disabled daughter's] financial account to an account [Robbins] owned." Wisocki Crossclaims at 6, ¶ 18 (Doc. No. 47). As a result of this knowledge, Le Jeune notified his financial institution that Robbins's $75,000 transfer was fraudulent and restricted Robbins's access to his daughter's financial accounts. *Id.* Based on the foregoing facts, Le Jeune knew of Robbins's alleged breach of fiduciary duty in 2015, which began the clock for filing a breach of fiduciary duty claim. However, Wisocki did not assert this claim on behalf of Le Jeune's estate until 2024. Wisocki's breach of fiduciary crossclaim is therefore time-barred.

### 3. Fraud

Wisocki contends that Robbins "represented to Le Jeune she would take care and not take advantage of [him] . . . with the intention of swindling and stealing all of Le Jeune's financial assets." Wisocki Crossclaims at 10, ¶ 42 (Doc. No. 47). Wisocki states that Robbins's "actions were a deliberate ploy to exercise undue influence in a fraudulent manner to induce Le Jeune to make financial gifts to [Robbins and her husband]." *Id.* at 4, ¶ 12.

"Texas's statute of limitations requires fraud claims to be brought no more than 'four years after the day the cause of action accrues.'" *McGrath v. Brewer*, 2025 WL 2828853, at *3 (5th Cir. Oct. 6, 2025) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4)). "Fraud claims accrue on the discovery of the fraud or at such time as the fraud might reasonably have been discovered through the exercise of reasonable diligence." *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 589 (N.D. Tex. 2012). For the same reasons set forth above regarding Wisocki's breach of fiduciary duty crossclaim, Robbins's alleged fraudulent intentions "became clear" to Le Jeune in 2015 or 2016 when another elderly gentleman moved onto Robbins's property. Robbins App. at 8, 23 (Doc. No. 81). Therefore, Wisocki's fraud crossclaim is time-barred.

### 4. Undue Influence

Wisocki also asserts an "undue influence" crossclaim against Robbins. Wisocki Crossclaims at 11, ¶¶ 45–47 (Doc. No. 47). As a result of Robbins's alleged undue

influence, Le Jeune purportedly made numerous financial gifts to Robbins. *Id.* at 4–5, ¶¶ 12–15. Wisocki now "seeks to rescind and/or void any transfers made as a result of [Robbins's] undue influence." *Id.* at 11, ¶ 47. In response, Robbins claims that undue influence is a species of fraud and therefore is governed and barred by fraud's four-year statute of limitations. Robbins Br. at 15, ¶ 51 (Doc. No. 90).

Despite the parties' contentions, undue influence "is not an independent claim, but rather a possible basis for recission of a contract." *Mainor v. Deutsche Bank Tr. Co. Ams.*, 2014 WL 51325, at *1 n.4 (S.D. Tex. Jan. 7, 2014); *see also Brighthouse Life Ins. Co. v. Daboub*, 577 F. Supp. 3d 504, 522 (N.D. Tex. 2021) ("The Texas Supreme Court has recognized that '[u]ndue influence itself is not an actionable tort.") (quoting *Kinsel v. Lindsey*, 526 S.W.3d 411, 422 n.3 (Tex. 2017)). Even if undue influence is an actionable claim subject to a four-year statute of limitations, this claim would still be time barred. Wisocki states that Le Jeune "realized that [Robbins] had been taking advantage of him" when another elderly gentleman moved onto Robbins's property. Wisocki Crossclaims at 5–6, ¶ 17 (Doc. No. 47). This gentleman moved onto Robbins's property in 2015 or 2016. *See* Robbins App. at 8, 23 (Doc. No. 81) (stating in the 2016 state court petition that "[w]ithin the last year . . . [this individual] was lured onto the property adjacent to Defendants' property" and then Le Jeune realized that Robbins "had been taking advantage of him all along"). Accordingly, Wisocki's undue influence crossclaim must be dismissed.

### 5. Theft

Wisocki also asserts a crossclaim for theft under Texas's Theft Liability Act. Wisocki Crossclaims at 11, ¶¶ 48–49 (Doc. No. 47). Wisocki does not elaborate on what specific actions constitute theft, but it appears that Wisocki's theft claim arises from Le Jeune's alleged wrongful eviction from his home on Robbins's property in 2016. *See id.* at 6–7, ¶¶ 19–20 (alleging that Robbins's husband "refused [Le Jeune] access to his filing cabinets" and that Le Jeune's "personal property remains in [Robbins's] possession"). Wisocki could also allege that the various financial transfers and assignments initiated by Robbins, including assigning Robbins as the beneficiary to the Policies, constitute theft. *See, e.g., id.* at 6, ¶ 18.

Regardless, the foregoing acts occurred in 2015 and 2016—long before Wisocki filed her crossclaims in federal court. "The statute of limitations for violation of the Texas Theft Liability Act is two years." *W. Power, Inc. v. TranAm. Power Prods., Inc.*, 316 F. Supp. 3d 979, 987 (S.D. Tex. June 7, 2018) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). "[G]enerally, a conversion claim accrues at the time of the unlawful taking. However, if the original possession of the property is lawful, the limitations period does not begin to run until the return of the property has been demanded and refused, or until the person in possession has unequivocally exercised acts of domination over the property inconsistent with the claims of the owner or the person entitled to possession." *Id.* at 988 (internal citations and quotations omitted).

Even assuming Robbins's original possession of the purported stolen property was lawful, Wisocki's crossclaims are still time-barred. Le Jeune learned that Robbins used her power of attorney to allegedly transfer $75,000 from his daughter's financial account to her financial account and reported this as a fraudulent transfer in 2015. Wisocki Crossclaims at 6, ¶ 18 (Doc. No. 47). Le Jeune unsuccessfully attempted to retrieve his personal belongings from Robbins's property in 2016. *Id.* at 6–7, ¶¶ 19–20. And Le Jeune demanded the return of the Policies and other financial gifts when he initiated the 2016 action in state court, seeking damages resulting from Robbins's alleged breach of contract and fiduciary duty, fraud, undue influence, and theft. Robbins App. at 9–12 (Doc. No. 81) (seeking to void or rescind any transfers made as a result of Robbins's alleged wrongful actions). Accordingly, the Court finds that Wisocki's asserted her theft claim too late.

### 6. Promissory Estoppel

Finally, Wisocki asserts a claim of promissory estoppel, claiming that Robbins "promised to take care and not take advantage of Le Jeune," and in reliance on that promise, Le Jeune "(1) sold his farm; (2) entrusted [Robbins] with the care of his daughter; (3) built structures on [Robbins's] land; (4) made numerous monetary gifts to [Robbins]; and (5) assigned [Robbins] life insurance policies with cash values in excess of $500,000." Wisocki Crossclaims at 11–12, ¶ 50 (Doc. No. 47).

"[T]he statute of limitations for a promissory estoppel claim is four years, and such a claim accrues 'when the promisor breaches its promise to the promisee.'"

17

*Rosenberg v. Citibank Tex., N.A.*, 2013 WL 12123244, at *2 (N.D. Tex. Dec. 27, 2013) (Robinson, J.) (quoting *Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 836–37 (Tex. App.—Dallas 2011, no pet.)). Le Jeune learned that Robbins took advantage of him and therefore broke her alleged promise in 2015 or 2016. *See* Robbins App. at 8, 23 (Doc. No. 81) (stating in the 2016 state court petition that "[w]ithin the last year . . . [another elderly gentleman] was lured onto the property adjacent to Defendants' property" and then Le Jeune realized that Robbins "had been taking advantage of him all along"). Like Wisocki's other crossclaims, her crossclaim for promissory estoppel is time-barred.

### 7.  Discovery Rule and Tolling

Under Texas law, the discovery rule "operates as an exception to the statute of limitations, wherein the plaintiff must plead and prove that the nature of the injury was inherently undiscoverable and objectively verifiable for the rule to apply." *Cook-Bell*, 868 F. Supp. 2d at 589. Wisocki makes no argument, and there is no evidence to suggest, that she should benefit from any tolling of the statute of limitations. *See Gutierrez v. Tractor Supply Co.*, 2018 WL 3586980, at *6 (S.D. Tex. July 26, 2018) (finding that the plaintiff waived the right to assert that the discovery rule tolled the statute of limitations because the plaintiff did not plead the discovery rule). Le Jeune discovered his alleged injuries from Robbins's actions long before Wisocki asserted these claims in federal court on his behalf. Because Wisocki's crossclaims were filed beyond the applicable statute of limitations, they are time-barred.

## IV.    Conclusion

For the foregoing reasons, the Court concludes that Wisocki's crossclaims are time barred thereby entitling Robbins to summary judgment as a matter of law. Thus, the Court **grants** Robbins's Motion for Summary Judgment (Doc. No. 83).

**SO ORDERED.**

Signed June 30th, 2026.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICTJUDGE